712 A.2d 215 (1998)
SOUTH JERSEY TRANSPORTATION AUTHORITY, Plaintiff-Appellant,
v.
CITY OF PLEASANTVILLE, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted June 3, 1998.
Decided June 12, 1998.
Gilmore and Monahan, Toms River, for plaintiff-appellant (Charles W. Hutchinson, Jersey City, on the brief).
Alfred R. Scerni, Jr., Pleasantville, for defendant-respondent.
*216 Before Judges SHEBELL, A.A. RODRIGUEZ and COBURN.
The opinion of the court was delivered by COBURN, J.A.D.
Plaintiff, South Jersey Transportation Authority ("South Jersey"), owner and operator of the Atlantic City Expressway, erected a billboard along the highway for the display of commercial advertisements. Defendant, City of Pleasantville (the "City"), placed a $62,400 real estate tax assessment on the billboard for the year 1995. Plaintiff sought relief from the Atlantic County Board of Taxation on the ground that the billboard was exempt from taxation. The claim was denied, and plaintiff filed suit in the Tax Court which ruled in favor of defendant on a motion for summary judgment. Plaintiff appeals, contending that the legislation which created it exempts the billboard from taxation. The City argues that these displays are unrelated to South Jersey's operation of the highway, that they do not perform a public purpose and, therefore, should be taxable. Since we are satisfied that the billboard is exempt from taxation, we reverse.
The facts are simple and undisputed. The billboard stands on property adjoining the travelled path of the highway. The City concedes that the land itself is not subject to local real estate taxation. South Jersey entered into a license with a private company which displays commercial advertisements on the structure.
South Jersey, as the successor to the New Jersey Transportation Authority and the Atlantic County Transportation Authority, was created by L. 1991, c. 252 (N.J.S.A. 27:25A-1 to42), the South Jersey Transportation Authority Act (the "Act"). The Legislature assigned to South Jersey the tasks of acquiring, constructing, maintaining, operating, and supporting the Atlantic City Expressway, and it defined South Jersey's tax exempt status in these broad terms:

All projects and other property of the authority are declared to be public property of an instrumentality of the State and devoted to an essential public and governmental function and purpose and shall be exempt from all taxes and special assessments of the State or any subdivision thereof. All bonds or notes issued pursuant to this act are declared to be issued by an instrumentality of this State and for an essential public and governmental purpose and the bonds and notes, and the interest thereon and the income therefrom, and all tolls, charges, funds revenues, income and other moneys pledged or available to pay, or secure the payment of the bonds or notes, or interest thereon, shall at all times be exempt from taxation except for transfer inheritance and estate taxes.
[N.J.S.A. 27:25A-32 (emphasis added).]
The Legislature specifically contemplated that South Jersey would erect or maintain billboards. N.J.S.A. 27:25A-38, entitled "Outdoor advertising on Atlantic City Expressway," states the following:
The erection, use or maintenance of any structure for the display of outdoor advertising on the Atlantic City Expressway shall be consistent with the provisions of P.L. 1959, c. 191 (C.54:40-50 et seq.) and P.L. 1979, c. 111 (C.13:18A-1 et seq.) and the regulations promulgated pursuant to those laws.

[N.J.S.A. 27:25A-38.]
The Legislature also contemplated, under N.J.S.A. 27:25A-32, supra, that South Jersey would obtain tax exempt income from the billboards to pay or secure the payment of its obligations. That such income could be obtained by leasing the billboards to private parties for commercial use is supported by N.J.S.A. 27:25A-7n, which reads as follows:
To grant by franchise, lease or otherwise, the use of any project, facility or property owned and controlled by the authority to any person for the consideration and for the period or periods of time and upon terms and conditions as are agreed upon, including but not limited to, the condition that the lessee may construct or provide any buildings or structures for the project facility or property or portions thereof....

[N.J.S.A. 27:25A-7n.]
*217 The Tax Court focused on the definition of "Expressway Project" in N.J.S.A. 27:25A-3, which reads as follows:
"Expressway project" means the acquisition, construction and maintenance of the Atlantic City Expressway as transferred to the authority pursuant to this act and of any express highway, super highway or motorway at the locations and between the termini as may hereafter be established by law and acquired or to be acquired or constructed or to be constructed under the provisions of this act by the authority, over which abutters have no easements or rights of light, air or direct access by reason of the fact that their properties abut thereon, and shall include but not be limited to all bridges, parking facilities, tunnels, overpasses, underpasses, interchanges, traffic circles, grade separations, entrance plazas, approaches, toll houses, service areas, stations and facilities, communications facilities, administration, storage and other buildings, and other structures related to the use of the express highway, superhighway or motorway, intersecting highways and bridges and feeder roads which the authority may deem necessary or desirable for the operation of the project, together with all property rights, easements and interests which may be acquired by the authority for the construction or the operation of the project, and includes any planning necessary for the execution of any expressway project.

[N.J.S.A. 27:25A-3.]
The Tax Court noted that billboards are not enumerated in this section of the Act. It concluded that because of that and because they do not serve a public purpose in relation to the highway users, they are not tax exempt. That analysis is unsound.
First of all, N.J.S.A. 27:25A-3 specifically states that "Expressway project" shall include "but not be limited to" the examples listed. Furthermore, we cannot lose sight of the legislative language contained in N.J.S.A. 27:25A-32, which states that "all projects and other property" of South Jersey is tax exempt. Nor can we ignore the Legislature's obvious desire that South Jersey engage in renting billboards for the purpose of obtaining incidental tax exempt revenue to secure its obligations. Ibid.
The governing legal principle was set forth in Borough of Moonachie v. Port of N.Y. Auth., 38 N.J. 414, 185 A.2d 207 (1962):
[P]roperty owned by a public agency but employed primarily to obtain revenue or profit through private business uses is not immune from taxation, but property employed primarily for a public use does not lose immunity because the agency incidentally derives some private business income from it.

[Id. at 426-27, 185 A.2d 207.]
The legally significant property owned in this case is not the billboard but the land on which it sits. The City properly concedes that land, which is part of the highway, is exempt from local taxation. The licensing of the billboard erected on that land does nothing more than allow the agency to obtain some incidental income, a purpose expressly contemplated by the Legislature which provided that the income would be tax-free. To permit taxation in this context would violate the legislation and would be inconsistent with Moonachie. Cf. Walter Reade, Inc. v. Township of Dennis, 36 N.J. 435, 439, 177 A.2d 752 (1962).
Reversed.